# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY YOUNG,<br>      Plaintiff,<br> v.<br>SCHOOL DISTRICT OF<br>PHILADELPHIA,<br>      Defendant. | CIVIL ACTION<br><br>No. 06-4485 |

**MEMORANDUM**

On September 25, 2009, this court entered an order granting summary judgment to defendant School District of Philadelphia ("the district") on plaintiff Barry Young's claims for (1) discrimination, harassment, retaliation, and unfair hiring in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the Pennsylvania Human Relations Act ("PHRA"), 42 Pa. Stat. § 951 *et seq.*, (2) defamation, and (3) forgery. Defendant's motion for summary judgment was, however, denied on plaintiff's claims that the district (1) breached the collective bargaining agreement ("CBA") entered into between the district and Local 1201, Firemen and Oiler's Union ("Local 1201" or "the union") and (2) breached a resignation agreement. Plaintiff now moves (docket no. 64) for reconsideration of the grant of summary judgment to the district on many of the Title VII and PHRA claims; plaintiff does not, however, seek reconsideration of the grant of summary judgment with respect to the Title VII and PHRA claims alleging unfair

1

hiring practices.[1] Defendant moves (docket no. 60) for reconsideration as to the CBA and breach of contract claims.[2] Plaintiff has also filed a "motion for appeal" (docket no. 61), which this court construes as a motion for the entry of a final judgment on plaintiff's Title VII and PHRA claims pursuant to Federal Rule of Civil Procedure 54(b). Defendant has filed oppositions to plaintiff's motions (docket nos. 65-66), plaintiff has filed a joint response and reply brief (docket no. 67), and defendant has filed a surreply (docket no. 68). Following these filings, this court issued an order (docket no. 69) requesting additional briefing from the defendant on one question raised by plaintiff's response/reply brief, and both defendant (docket no. 73) and plaintiff (docket no. 71) have filed briefs in response to that order.[3]

## I.

---

[1] Plaintiff's motion also does not appear to seek reconsideration of either (1) this court's judgment for the district on Young's defamation or forgery claims, or (2) the portions of the September 2009 order denying plaintiff's motions to amend the complaint and for a speedy trial.

[2] On October 13, 2009, plaintiff filed a notice of appeal (docket no. 62) from this court's September 25 order. On February 9, the Third Circuit dismissed the appeal for lack of jurisdiction (docket no. 72) because (1) the September 25 order was not final as to all claims and parties, and (2) this court did not enter a final judgment pursuant to Federal Rule of Civil Procedure 54(b). Because plaintiff attempted to appeal an unappealable order, the notice of appeal did not divest this court of jurisdiction. *See Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros., Inc.*, 198 F.3d 391, 394 (3d Cir. 1999).

[3] Plaintiff has subsequently filed two further briefs (docket nos. 74 and 75). Those are largely duplicative of plaintiff's earlier filings and raise no concerns that warrant reconsideration.

"The usual vehicle for a motion for reconsideration is Federal Rule of Civil Procedure 59(e) or 60(b)." *Bausch & Lomb Inc. v. Moria S.A.*, 222 F. Supp. 2d 616, 669 (E.D. Pa. 2002). In this case, because this court's September 25, 2009 order granting summary judgment to the district on only certain claims is interlocutory, *see, e.g.*, *Brooks v. Fitch*, 642 F.2d 46, 48 (3d Cir. 1981), "neither Rule 59(e) nor 60(b) applies." *Bausch & Lomb*, 222 F. Supp. 2d at 669. Nevertheless, this court "'possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so.'" *Kurns v. Chesterton*, No. 08-2216, 2009 WL 249769, at *6 (E.D. Pa. Feb. 3, 2009) (quoting *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir.1973)).

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, reconsideration is appropriate if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Where errors of law or fact are alleged, factual or legal issues may be reconsidered if they were "overlooked by the court in its decision," but "[a] motion for reconsideration is not properly grounded on a request that a court reconsider repetitive arguments that have [been] fully examined by the court." *Blue Mountain Mushroom Co.*

*v. Monterey Mushroom, Inc.*, 246 F. Supp. 2d 394, 398-99 (E.D. Pa. 2002) (internal quotation marks omitted).

**A.**

Plaintiff's motion for reconsideration and response/reply brief, which were both jointly filed in this case and in *Young v. Local 1201, Firemen & Oilers Union*, No. 07-3576, include the following seven contentions pertinent to Young's Title VII claims against the district: (1) this court erred in concluding that plaintiff self-referred twice under the Policy on Substance Abuse ("PSA") included in the collective bargaining agreement between the union and the district; (2) this court erred in its construction of the PSA; (3) plaintiff (a) told Ron Ellis, his union representative, that the decision of Timothy McCollum, plaintiff's first supervisor with the district, to terminate plaintiff's employment was based on racial animus, and (b) complained to his state representative about discrimination by McCollum; (4) McCollum, along with then-union president Michael McGinley, recruited white employees to the Emerald Society while channeling African-American employees to the NAACP; (5) in addition to "jump[ing] in [plaintiff's] face," McCollum yelled both "what the FUCK are you looking at" and "you don't know who [you're] fucking with" at Young, Pl.'s Mot. for Recons. at 1; (6) the history of plaintiff's drug tests submitted by the district is erroneous; and (7) several facts taken together demonstrate that plaintiff's Title VII claims are meritorious. Plaintiff further avers that he is owed for more days of leave time than were disclosed in the portion of

this court's opinion discussing Young's claim that the district breached a resignation agreement. None of these arguments merits reconsideration of the September 2009 opinion and order.[4]

First, plaintiff's arguments concerning the question of whether he self-referred on two occasions were previously considered by this court when it determined that "the PSA defines 'self-referral' as an 'employee's voluntarily identifying himself . . . as requiring assistance in dealing with alcohol or drug dependency,'" and that plaintiff "signed one self-referral form" and, on a "second occasion," asked Ron Ellis "to send him to rehabilitation." *Young v. Sch. Dist. of Phila.*, No. 06-4485, 2009 WL 3072534, at *6 (E.D. Pa. Sept. 24, 2009). Thus, this court did not conclude, as plaintiff supposes, that his act of "reporting to Carol [Kenney, a district employee] on March 16, 2004" was a self-referral. Pl.'s Mot. for Recons. at 1. Nor do plaintiff's statements that (1) he "never returned to work [in] February 2005 to self-refer," *id.* at 2, (2) the PSA does not state that

---

[4] Defendant suggests that plaintiff's motion is untimely. As a technical matter, this is true. This court's order on the summary judgment motion was entered on September 25, 2009. Pursuant to Local Rule of Civil Procedure 7.1(g), plaintiff had ten days in which to file a motion for reconsideration, and pursuant to Federal Rule of Civil Procedure 6(a)(2), Saturdays, Sundays, and legal holidays are excluded from that ten-day period. Plaintiff's motion was thus due on October 9, but it was not filed until October 13 – one business day later. Nevertheless, this court does *not* lose jurisdiction to reconsider an interlocutory order – as opposed to a final judgment governed by Federal Rule of Civil Procedure 59(e) – upon the expiration of that ten-day period, but rather may "reconsider [interlocutory orders] when it is consonant with justice to do so." *Jerry*, 487 F.2d at 605. For this reason, and because plaintiff's motion was jointly, and timely, filed in response to the final order and judgment issued in *Local 1201*, this court will consider the merits of plaintiff's motion despite its technical non-compliance with Local Rule 7.1(g).

"you can only seek treatment during non working hours," Resp./Reply at 1, and (3) an employee need not "complete a 'self-referral form' to self-refer," *id.* at 2, provide any reason to believe that this court's reasoning, or any of the findings of fact on which that reasoning was based, was in error. I therefore decline to reconsider the conclusion that plaintiff self-referred twice within the meaning of the PSA.

Second, plaintiff quotes – as he did in opposition to the union's motion for summary judgment – the provision of the PSA stating that "[a]n employee's voluntary recourse to assistance for a substance abuse problem shall not in itself be considered either a self-referral under this policy or grounds for discipline." *Id*. Again, this court previously considered and rejected the argument that this provision forecloses the conclusion that plaintiff self-referred twice under the terms of the PSA, *see Sch. Dist. of Phila.*, 2009 WL 3072534, at *7, and plaintiff has presented no reason to doubt that this court's construction of the PSA was correct. Reconsideration would accordingly be improper on this ground as well.

Third, plaintiff asserts that he "did inform Ron Ellis that [he] believed Tim McCollum's decision to fire [him] had to be racially motivated." Pl.'s Mot. for Recons. at 3. While this court's earlier opinion did grant summary judgment to the district on plaintiff's retaliation claim because Young did not complain to the union about racial discrimination or harassment by the district, plaintiff's allegation does not persuade this court that it committed an error of fact, because the only testimony in the record about

6

McCollum's recommendation that Young be fired, which is taken from plaintiff's deposition, does not reveal that he made this complaint to Ellis. *See* Pl.'s Dep. at 193-98.[5] Further, plaintiff was asked twice during his deposition if he complained to the union about McCollum's alleged racial harassment, and he twice stated that he did not. *See* Def.'s Ex. C, at 226, 239. This claim also does not constitute "new evidence," because evidence of what plaintiff did or did not tell union representatives was "available when the court granted the motion for summary judgment." *Max's Seafood Café*, 176 F.3d at 677.

Plaintiff's response/reply brief further alleges that he telephoned his state representative "and complained of racism and discrimination." Resp./Reply, at 3. There is, however, no evidence in the record that Young did so. Rather, plaintiff's deposition testimony only reveals that, at the time McCollum recommended that he be fired, Young called his state representative, who intervened. Pl.'s dep. at 197. But plaintiff characterized his request as one to "ha[ve] some people call the school district to find out exactly what they were accusing [him] of and what was going to happen as a result of it." *Id.* Nothing in this description suggests that he complained to his representative about racial discrimination, and plaintiff's claim to the contrary in his response/reply brief is

---

[5] As I have previously noted, "[p]ortions of plaintiff's deposition that are relevant to this case have not been provided to the court by either party" but have been filed in Young's suit against Local 1201. *Sch. Dist. of Phila.*, 2009 WL 3072534, at *3 n.4. The court takes judicial notice of the fact that plaintiff made these statements in his deposition. *See* Fed. R. Evid. 201.

"not evidence and cannot by [itself] create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109-10 (3d Cir. 1985).[6] Moreover, "[a] motion to reconsider may not raise new arguments that could or should have been made in support of, or in opposition to, the original motion." *In re Linerboard Antitrust Litig.*, MDL No. 1261, 2008 WL 4461914, at *3 (E.D. Pa. Oct. 3, 2008).

Plaintiff's fourth argument alleges that McCollum and union president McGinley discriminatorily recruited only white employees for the Emerald Society. This court's review of the record, however, reveals only one prior reference to the Emerald Society – a statement in plaintiff's memorandum in opposition to defendant's summary judgment motion to the effect that "McGinley refused to allow the union to properly represent [Young] because of [McGinley's] membership in the Emerald Society, [of] which . . . McCollum . . . was also a member." Pl.'s Resp., Dkt. No. 23, at 1-2. Once again, this is "not evidence and cannot . . . create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co.*, 772 F.2d at 1109-10. Even assuming that this statement could properly be considered on summary judgment, however, it does not include allegations of discriminatory recruitment, even though such

---

[6] Plaintiff's Brief in Validation states that he can produce evidence that he spoke to his state representative. *See* Br. in Validation at 1. That brief does not, however, offer proof that plaintiff complained to his representative about discrimination – and, in any case, any such evidence should have been presented before this time.

8

allegations could have been made before this court decided the summary judgment motion. In other words, while this claim was not previously before this court, it does not meet the standards for "new evidence" on a motion for reconsideration.

Fifth, plaintiff asserts that this court failed to appreciate the extent of McCollum's hostility to Young by noting only that McCollum "jump[ed] in [his] face" but not McCollum's words on that occasion. Pl.'s Mot. for Recons. at 1. The court assumes that plaintiff refers to the class for Building Engineer Trainees at which, shortly after arriving, McCollum "yelled at one of Young's classmates and then aggressively approached and questioned Young." *Sch. Dist. of Phila.*, 2009 WL 3072534, at *3. Contrary to plaintiff's suggestion, this court did note that – as reflected in plaintiff's deposition – McCollum's specific words to Young were "'what the fuck are you looking at? You find something funny?'" *Id.* at *8. Plaintiff's motion for reconsideration rephrases this language somewhat and asserts that McCollum said "what the FUCK are you looking at" and "you don't know who [you're] fucking with," Pl.'s Mot. for Recons. at 1, but this reformulation has no bearing on this court's reasoning that "although McCollum's classroom behavior was boorish," there is no evidence that it was "racially motivated." *Sch. Dist. of Phila.*, 2009 WL 3072534, at *9. Accordingly, plaintiff's assertion does not demonstrate that the earlier opinion contained an error either of fact or of law.

Sixth, plaintiff asserts that the document submitted by the district court listing his drug testing history is inaccurate insofar as it relates to tests taken before his employment

9

with the district. *See* Resp./Reply, at 2. Nothing in this court's prior opinion, however, rests on plaintiff's pre-employment testing history, and plaintiff's argument therefore does not present a proper ground for reconsideration.

Finally, plaintiff argues that he "was manipulated into signing [a] self referral document" in 2004, that he was "lied to and manipulated into signing a letter of resignation," and that in combination with his treatment by McCollum and the fact that Young "was out from work on sick leave and receiving wage continuation pay in accordance with the [PSA]," sufficient evidence exists to find his claims meritorious. Mot. for Recons. at 1-2. This court's prior opinion, however, expressly considered both the claim that union representative Ron Ellis "coerced plaintiff to sign a resignation letter," *Phila. Sch. Dist.*, 2009 WL 3072534, at *3 (internal quotation marks omitted), and McCollum's behavior, *see id.* at *2-*4, *8-*9. The other facts, meanwhile, are not pertinent to this court's dispositive conclusions that (1) no evidence exists to overcome the district's invocation of plaintiff's violation of the Policy on Substance Abuse included in the CBA as a race-neutral reason for plaintiff's termination, *see id.* at *6-*7, (2) plaintiff was not subject to "pervasive and regular discrimination" based on his race, *id.* *10 (internal quotation marks omitted), and (3) Young's complaints to the union were not protected activities within the meaning of Title VII and the PHRA because he made no complaints of racial harassment, *see id.* at *11. This argument therefore also fails to

10

persuade this court that it committed an error either of law or of fact.⁷ Accordingly, plaintiff's motion for reconsideration will generally be denied.

Plaintiff also asserts that this court's discussion of his claim that the district breached its resignation agreement with Young by failing to pay him for accrued leave time incorrectly calculates the number of days' pay he is owed and uses an outdated rate. Because, pursuant to the analysis in Section I.C below, this state-law breach of contract claim will be dismissed, the portion of plaintiff's motion for reconsideration concerning that claim will be dismissed as moot.

## C.

In the previous section, I concluded that plaintiff's motion for reconsideration must be denied. I now turn to defendant's motion for reconsideration, which argues that this court erred in determining that plaintiff's claim that the district violated its CBA with Local 1201 was governed by federal law. As a consequence, defendant believes that there are no federal claims remaining in this case, and it accordingly requests that this court dismiss the two remaining claims without prejudice pursuant to 28 U.S.C.

---

⁷ Plaintiff further notes that the opinion in *Philadelphia School District*, unlike the opinion in *Local 1201*, does not discuss the unexcused absences the district assigned to plaintiff when he began a second stint in a drug rehabilitation facility. *See* Pl.'s Mot. for Recons. at 1. This fact was omitted because no specific incident potentially amounting to harassment apparently occurred concurrently with the entry of these absences. Moreover, to the extent that plaintiff urges that these absences themselves constitute part of a pattern of discrimination, there is no supporting evidence in the record to show that these absences were coded as unexcused as a result of racial animus.

§ 1367(c)(3).[8] Alternatively, defendant renews its motion for summary judgment on plaintiffs' claims for breach of the CBA and breach of a resignation agreement.

Defendant is correct that the Pennsylvania Public Employe Relations Act ("PERA"), 43 Pa. Stat. § 1101.101 *et seq.*, "governs the relationship of public employees, their employers, and any representatives of the employees." *Felder v. Del. County Office of Servs. for the Aging*, No. No. 08-4182, 2009 WL 2278514, at *5 (E.D. Pa. July 28, 2009). In particular, the PERA governs claims that a collective bargaining agreement was breached. *See, e.g.*, *Sanders v. AFSCME*, No. 04-4247, 2004 WL 1824372, at *2 n.5 (E.D. Pa. Aug. 16, 2004). Because plaintiff's claim for breach of the CBA is therefore grounded in state law, no federal claims remain in this case, and this court's conclusion to the contrary was an error of law. Accordingly, the court will grant defendant's motion and reconsider its prior opinion.

On reconsideration, plaintiff's remaining claims will be dismissed without prejudice to refiling in state court pursuant to 28 U.S.C. § 1367(c)(3). In deciding whether to retain jurisdiction over state claims once all of the federal claims in a case have been dismissed, this court considers "judicial economy, convenience, fairness, and comity." *Annulli v. Panikkar*, 200 F.3d 189, 202 (3d Cir. 1999), *abrogated on other grounds by Rotella v. Wood*, 528 U.S. 549 (2000). In this case, because of the relatively

---

[8]    28 U.S.C. § 1367(c)(3) provides that, once "the district court has dismissed all claims over which it has original jurisdiction," it "may decline to exercise supplemental jurisdiction over" remaining state-law claims.

undeveloped nature of the record on these claims, dismissal will not impair judicial economy. In particular, while the PERA "provides mandatory arbitration of disputes or grievances arising out of the interpretation of a collective bargaining agreement," *Spadoni v. Easton Area Sch. Dist.*, No. 07-5348, 2008 WL 2169525, at *4 (E.D. Pa. May 23, 2008) (citing 43 Pa. Stat. Ann. § 1101.903), as this court has previously noted, "the record is resolutely silent on the question of whether or not plaintiff availed himself" of arbitration before bringing suit in this court, *Sch. Dist. of Phila.*, 2009 WL 3075234, at *12; *see also id.* at *13 (noting an apparent conflict between two documents but stating that "nothing in the record suggests how to reconcile" that conflict). Moreover, plaintiff's motion for reconsideration indicates that the totality of the evidence relevant to Young's claim that the district breached a resignation agreement may also not be before this court. Comity, meanwhile, counsels allowing the Pennsylvania state courts to determine these issues, and I can perceive no unfairness to plaintiff if these claims are litigated in the appropriate state forum. Accordingly, this court declines to exercise supplemental jurisdiction over plaintiff's remaining state-law claims against the district.

## II.

Because the remaining claims in this case will be dismissed, a final judgment for the defendant in this case will be entered. As a result, no further bar to plaintiff's appeal in this case will exist, and plaintiff's "motion for appeal" will accordingly be dismissed as moot.

13

An appropriate order accompanies this memorandum.